UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT JOHNSON,<br><br>            Petitioner,<br><br>vs.<br><br>WARDEN CHRISTENSEN,<br><br>            Respondent. | Case No. 1:20-cv-00489-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Robert Johnson filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. (Dkt. 1.) The Court now reviews the Petition to determine whether the claims are subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

### 1.  Standard of Law

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section

INITIAL REVIEW ORDER - 1

2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. If it is not clear that the Petition is subject to summary dismissal, the Court may order the Respondent "to file an answer, motion, or other response."  Rule 4 of the Rules Governing §2254 Cases.

## 2.  Background

In a criminal action in the Fifth Judicial District Court of Idaho in Gooding County, Petitioner was charged with and pleaded guilty to two counts of first degree murder. On or about October 21, 1994, the state district court entered judgment, sentencing Petitioner to two fixed life terms of incarceration.

Petitioner pursued three state post-conviction actions, described by the Idaho Court of Appeals as follows:

> [Petitioner] filed a petition for post-conviction relief asserting ineffective assistance of defense counsel; this Court affirmed the summary dismissal of that petition in *Johnson v. State*, Docket No. 23177, 131 Idaho 135, 953 P.2d 219 (Ct.App. July 10, 1997) (unpublished). More than a decade later, Johnson filed his first successive petition for post-conviction relief.... The district court determined that the claims were not filed within a reasonable time and determined that Johnson did not submit admissible evidence to support the claims. On appeal, this Court affirmed because the claims were not filed within a reasonable time, although we did not address the other ground for dismissal. *Johnson v. State*, Docket No. 37378, 2011 WL 11056697 (Ct.App. Aug. 8, 2011) (unpublished).

> Within a month of the appeal in his first successive petition being remitted, Johnson filed his second successive

> petition for post-conviction relief and moved for the
> appointment of counsel.

*Johnson v. State*, 158 Idaho 852, 853–54, 353 P.3d 1086, 1087–88 (Ct. App. 2015). The

second successive petition appeal was unsuccessful.

Next, Petitioner filed a "motion to correct an illegal sentence" in the state district

court. The court denied the motion, and Petitioner filed an appeal. The Idaho Court of

Appeals reviewed and decided his case as follows:

> In 2020, Johnson filed an Idaho Criminal Rule 35
> motion to correct an illegal sentence, contending that his
> sentencing contained errors that rose to the level of a due
> process violation that deprived the district court of subject
> matter jurisdiction. The district court denied Johnson's Rule
> 35 motion and held that the motion was based on factual
> claims outside the face of the record and that it lacked
> jurisdiction to address Johnson's claims of illegalities in his
> sentencing.
>
> *   *   *
>
> In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143,
> 1147 (2009), the Idaho Supreme Court held that the term
> "illegal sentence" under Rule 35 is narrowly interpreted as a
> sentence that is illegal from the face of the record, i.e., does
> not involve significant questions of fact or require an
> evidentiary hearing. Rule 35 is a "narrow rule," and because
> an illegal sentence may be corrected at any time, the authority
> conferred by Rule 35 should be limited to uphold the finality
> of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d
> 397, 400 (2007). Rule 35 is not a vehicle designed to
> reexamine the facts underlying the case to determine whether
> a sentence is illegal; rather, the rule only applies to a narrow
> category of cases in which the sentence imposes a penalty
> that is simply not authorized by law or where new evidence
> tends to show that the original sentence is excessive.
> *Clements*, 148 Idaho at 86, 218 P.3d at 1147.
>
> The district court properly denied Johnson's motion.
> Accordingly, we conclude no abuse of discretion has been

**INITIAL REVIEW ORDER - 3**

> shown and the district court's order denying Johnson's Rule
> 35 motion is affirmed.

*State v. Johnson*, No. 47873, 2020 WL 5054869, at \*1 (Idaho Ct. App. Aug. 27, 2020).

Petitioner's federal Petition for Writ of Habeas Corpus was filed on October 15, 2020 (mailbox rule).

### 3.  Review of Claims

Petitioner raises two claims in his federal Petition: that he is serving an illegal sentence that is contrary to due process and equal protection protections; and that the failure to afford him a neuropsychological examination in his criminal defense violated his due process and equal protection rights. He brings his claims under the Fifth, Sixth, and Fourteenth Amendments.

A threshold issue in his case is whether Petitioner filed his federal Petition in a timely manner, because—once the one-year federal statute of limitations has run—a petitioner cannot resurrect or restart that time period simply by filing a new state court action. Preliminarily, it looks as though his federal statute of limitations began in 1997, after the statutory tolling period ended upon completion of his first post-conviction appeal, and that it expired one year later, in 1998. The Court will permit Petitioner to procced to the next step in litigation, which is to show either that his claims were timely or that he meets one of the equitable exceptions under which the Court could review the merits of his claims. The Court also will provide Respondent an opportunity to respond and submit relevant portions of the state court record before deciding whether Petitioner will be able to proceed on the merits of his claims.

INITIAL REVIEW ORDER - 4

### 4.  Statute of Limitations Standard of Law

The Court provides the following standards of law for Petitioner's review in preparing his response to this Order.

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). Which trigger is applicable depends on the nature and timing of the petitioner's claims. The first trigger, § 2244(d)(1) provides a means of calculating the limitations start date for the "application" as a whole, § 2244(d)(1)(A) (date of final judgment). The remaining three triggers require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate). *See Mardesich v. Cate*, 668 F.3d 1164 (9th Cir. 2012), relying in part on dicta in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005)).

In all instances, *one year* means 366 days, for example*,* from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

The most common trigger is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). That date can be calculated as follows.

---

[1]      Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D).

INITIAL REVIEW ORDER - 5

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality

**INITIAL REVIEW ORDER - 6**

after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[2]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### A.  Equitable Tolling

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544

---

[2]     *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and the extraordinary circumstances. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (holding that a petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence). The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Ignorance of the law without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")).

### B. Actual Innocence

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations, and that the exception applies where a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383 (2013). "'Actual innocence means factual innocence, and not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at

329). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

## ORDER

**IT IS ORDERED:**

1.  The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), with exhibits, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2.  Within **42 days** after entry of this Order, Petitioner shall file a response to this Order showing cause why his Petition should not be dismissed for failure to meet the statute of limitations.

3.  Within **42 days** after Petitioner files his response, Respondent shall file a reply.

4.  Petitioner may, but is not required to, file a sur-reply within **14 days** after the reply is filed.

5.  Respondent shall file with the reply a copy of all portions of the state court record previously transcribed that are relevant to a determination of the statute of limitations issue. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6.  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

7. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

8. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

9. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an

**INITIAL REVIEW ORDER - 10**

appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

11. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

12. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED:  February 2, 2021

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 11**