UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT JOHNSON,<br><br>         Petitioner,<br><br>vs.<br><br>WARDEN CHRISTENSEN,<br><br>         Respondent. | Case No. 1:20-cv-00489-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Robert Johnson filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. (Dkt. 1.) In the Initial Review Order, the Court ordered Petitioner to show cause why his Petition should not be dismissed for failure to meet the statute of limitations. (Dkt. 8.) Petitioner has filed his Response, Respondent has filed his Reply, and Petitioner has filed a Sur-reply. (Dkts. 10, 13, 15.)

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of court dockets from other court proceedings in its review of whether a petitioner may proceed in habeas corpus. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

**MEMORANDUM DECISION AND ORDER - 1**

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 7.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the record, including the state court record, the Court enters the following Order summarily dismissing this case for lack of jurisdiction.

### SUCCESSIVE PETITION REVIEW

Magistrate Judge Ronald E. Bush identified a statute of limitations issue that required briefing in this matter. After reviewing the record, Respondent raised an additional procedural issue in his briefing that must be addressed before the statute of limitations issue. Respondent asserts that the Petition in this matter is an unauthorized second or successive habeas corpus petition.

Upon a review of the docket, the Court finds that Petitioner previously brought a habeas corpus action in this Court challenging the same judgment, Case No. 1:14-cv-00492-EJL, *Johnson v. Blades*. The Court takes judicial notice of that case. The petition in that action was filed on November 19, 2014. (Dkt. 3 in that action.) United States District Judge Edward J. Lodge dismissed the case with prejudice and entered judgment on March 1, 2017. (Dkts. 45, 46 in that action.) The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability in that case. (Dkt. 50 in that case.)

Before an Idaho prisoner can file a second or successive federal habeas corpus petition challenging the same state judgment, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A habeas petition is considered "second or successive" only if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims.

**MEMORANDUM DECISION AND ORDER - 2**

*Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application" because it lacks jurisdiction to do so. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks and citation omitted).

Here, Petitioner is challenging the same state criminal convictions and sentences (arising from Gooding County Case No. CR-4376) that were the subject of his previous habeas corpus petition adjudicated to completion by Judge Lodge. That case was dismissed with prejudice. Therefore, the Court concludes that the current Petition is a successive federal habeas corpus petition. Petitioner cannot proceed unless he first obtains authorization from the Ninth Circuit Court of Appeals.[1] This case must be dismissed without prejudice for lack of jurisdiction.

---

[1] To support his request to the Ninth Circuit Court of Appeals, Petitioner must show that his successive petition either (1) presents newly discovered facts that call into question the accuracy of a guilty verdict, 28 U.S.C. § 2244(b)(2)(B), or (2) shows that his new claims rely on new rules of constitutional law, § 2244(b)(2)(A). However, this Court is not authorized to consider such arguments unless Petitioner has first obtained such authorization. *See* § 2244(b)(4)("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.")

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Reply (Dkt. 11) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court shall provide Petitioner with a copy of the successive petitions form to be filed with the United States Court of Appeals for the Ninth Circuit.

DATED: July 30, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge